

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IP INNOVATION L.L.C., TECHNOLOGY LICENSING CORP., AV TECHNOLOGIES LLC and NEW MEDIUM LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. and PANASONIC CORPORATION OF NORTH AMERICA,<br><br>Defendants. | No. 05 C 902<br><br>Suzanne B. Conlon, Judge |

## **MEMORANDUM OPINION AND ORDER**

IP Innovation LLC, Technology Licensing Corporation, AV Technologies LLC and New Medium LLC ("plaintiffs") sue Matsushita Electric Industrial Co., Ltd. and Panasonic Corporation of North America (collectively "Panasonic" or "defendants") for patent infringement pursuant to 35 U.S.C. § 271 *et seq.* Plaintiffs claim Panasonic infringed eight patents. Panasonic counterclaims that the patents are not infringed, are invalid, and that it is licensed to use six of the eight patents. Three of the plaintiffs - IP Innovation, AV Technologies, and New Medium - assert Illinois is their principal place of business. Defendants are Japanese and Delaware corporations. Panasonic moves to transfer venue to the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1404(a).

## **DISCUSSION**

A court may transfer venue to any district or division where the case may have been brought for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). To prevail on a motion to

1

transfer under § 1404(a), the moving party must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001), *quoting TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998). Venue is appropriate here. The parties do not dispute that venue is appropriate in the Northern District of California. Therefore, the court considers the convenience of the parties and witnesses and the interests of justice.

### A. Convenience of the Parties

In determining the convenience of the parties and witnesses, the court considers: (1) plaintiffs' choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, *3 (N.D. Ill. Jan. 20, 2000). Panasonic, as the moving party, bears the burden of showing that the Northern District of California is clearly more convenient than this district. *Source Services Corp. v. Technisource, Inc.*, No. 95 C 1420, 1995 WL 493499, at *2 (N.D. Ill. Aug. 9, 1995). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949 (N.D. Ill. Dec. 18, 2002). "Venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *Id.*

Plaintiffs' choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiffs' home forum. *See Pepsico, Inc. v. Marion Pepsi-Cola Bottling Co.*, No. 99 C 3939, 2000 WL 263973, *8 (N.D. Ill. Mar. 6, 2000). Three of the plaintiffs purport to reside in Illinois. Panasonic contends plaintiffs' choice of forum should be given no weight because the

Illinois plaintiffs' are actually "shell corporations" that do not have telephone listings in Illinois, are not registered to do business in Illinois, and whose names do not appear on the door of their office suites. Further, Panasonic asserts two of the plaintiffs were suspiciously formed shortly before the commencement of litigation. The legitimacy of plaintiffs' representation that Illinois is their home forum was raised in other litigation in *IP Innovation v. Lexmark Int'l, Inc.*, 289 F. Supp. 2d 952, 954-55 (N.D. Ill. 2003) (Kocoras, J.). There, this court found there was an apparent basis for an attack on the legitimacy of plaintiffs' Illinois presence. However, the court was "loath to conclude, with the attendant ramifications, that IP Innovation not only manufactured venue but also included false statements within their submissions to this court . . ." Similarly, plaintiffs here represent that they are legitimate companies, formed for legitimate reasons and that Illinois is their principal place of business. The consequences for manufacturing venue and making material misrepresentations to the court are severe, and this serious conclusion is not supported by the present record. The decision to file within this district weighs in plaintiffs' favor and against transfer.

Panasonic contends California is the site of material events because Genesis, a manufacturer of accused chips, designs the chips in California and because the patent licenses were negotiated in California. However, these events are not particularly relevant in determining the site of material events for an infringement action. Indeed, the second factor does not favor either venue because "the material events of a patent infringement case do not revolve around a particular situs." *Sitrick v. FreeHand Systems, Inc.*, No. 02 C 1568, 2003 WL 1581741, at *3 (N.D. Ill. Mar. 27, 2003). In other words, the comparison involved in determining whether a patent has been infringed does not implicate a specific location. *Id., citing Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). While the infringement allegedly occurred throughout the country, Panasonic

admits the accused products were sold in this judicial district. Mot. at 10. Therefore, this factor is neutral.

The relative ease of access to sources of proof is also neutral. Panasonic concludes that access to sources of proof is better in California because third party witnesses are in California and certain products are manufactured there. Witness convenience and the site of events are separate considerations in the transfer analysis. Access to documents or other similar evidence does not particularly favor one venue over the other. Copying and shipping documents do not typically impose a significant burden. All documents necessary to present both sides of the case can easily be transported to either venue. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998).

The court must also consider witness convenience in determining whether transfer is appropriate. Panasonic argues the following material third party witnesses are located in California: (1) Genesis - a supplier of accused chips; (2) four of five patent inventors (Loveless, Vojnovic, Stratton, Cooper); (3) Video Processing Technology, the company that licensed certain patents to Panasonic; (4) Pixel Instruments, the original assignee of certain patents; and (5) Acacia - owner of three of the four plaintiffs. Panasonic contends it lacks compulsory process over these third party witnesses if the case remains in Illinois. However, even assuming all of the proffered witnesses are actually necessary, Panasonic fails to provide evidence that these witnesses will not appear voluntarily or that their testimony cannot be offered through deposition. *See Central States v. Kurtz Gravel Co.*, No. 98 C 2174, 1998 WL 684216, at *2 (N.D. Ill. Sept. 18, 1998) (lack of compulsory process does not compel transfer where there is no evidence that witnesses are hostile or reluctant); *see also Florsheim Group, Inc. v. Rosa Andreau Vila*, No. 01-3334, 2001 WL 1263358, *3 (N.D. Ill. Oct. 18, 2001) (same). Indeed, plaintiffs attach evidence that Cooper and Pixel will voluntarily

4

appear in Illinois. Resp. at Ex. C.

The court also considers the convenience of the parties in its § 1404(a) determination. Specifically, the parties' respective residences and their ability to bear the costs of litigating in a particular forum are considered. *Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462 at *7 (N.D. Ill. Feb. 14, 2000). The parties do not proffer arguments regarding their financial ability to litigate in either forum. Three of the plaintiffs are located in Illinois; the fourth plaintiff is a Nevada resident. The defendants are Japanese and Delaware corporations. Although Panasonic challenges the Illinois residency of three plaintiffs, the fact remains that none of the parties reside in California. Panasonic contends the Illinois plaintiffs are owned by Acacia - a California corporation. The fact that a California company owns the stock of three of the plaintiffs does not affect the analysis. The plaintiffs' Illinois residency weighs against transfer. Further, plaintiffs are currently pursuing additional prosecutions of the patents in this district. While it is feasible for plaintiffs to litigate in multiple fora, it is obviously more convenient and cost efficient for plaintiffs to litigate all of their cases here. Because Panasonic bears the burden of making a strong showing that transfer is warranted, consideration of witness and party convenience favors keeping the case here.

### B. Interests of Justice

The court must consider whether transfer is in the interests of justice. This analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). Among the factors considered are the speed cases proceed to trial and the public interest in having a case resolved in a particular forum. *See Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, *8 (N.D. Ill. Aug. 11,

2000). Both districts are equally capable of resolving federal patent litigation. However, this court has ensured a speedy trial by scheduling trial in February 2006 - approximately 12 months from the filing of the complaint. Plaintiffs submit evidence reflecting a 2004 median time from filing to trial in the Northern District of California as 22.5 months. Resp. at Ex. G.

Based on this record, transfer is inappropriate. Panasonic has not shown that California is clearly a more convenient venue.

## CONCLUSION

For the foregoing reasons, Panasonic's motion to transfer venue is denied.

June 13, 2005                                ENTER:

*[signature: Suzanne B. Conlon]*
Suzanne B. Conlon
United States District Judge